LAW OFFICES OF DOUGLAS J. CAMPION, APC
Douglas J. Campion (SBN 75381)
17150 Via Del Campo, Suite 100
San Diego, CA 92127
doug@djcampion.com
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

LAW OFFICES OF MICHAEL P. SOUSA, APC
Michael P. Sousa, SBN 229416
msousa@msousalaw.com
3232 Governor Dr., Suite A
San Diego, CA 92122
Telephone: (858) 453-6122, ext. 15
Facsimile: (858) 453-2155

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN C. PARRIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAST COAST POLYTECHNIC INSTITUTE, aka ECPI UNIVERSITY,<br><br>Defendant. | Case No. **'18CV1523 WQHBLM**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

Parris v. ECPI Colleges, Inc.
Complaint

Plaintiff Kevin C. Parris (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of East Coast Polytechnic Institute, aka ECPI University ("ECPI" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff and the Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules").

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendant's illegal actions.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Plaintiff resides in this judicial district; Plaintiff received the calls and text messages at issue while in this district; Defendant makes calls for business purposes

Parris v. ECPI Colleges, Inc. Complaint      - 1 -

to residents of this judicial district; Defendant's contacts with this District are sufficient to subject them to personal jurisdiction; and Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## PARTIES

5. Plaintiff Kevin C. Parris is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in San Diego, California.

6. East Coast Polytechnic Institute, aka ECPI University, ("ECPI" or "Defendant"), is headquartered in Virginia Beach, Virginia. It is a private, for-profit school with nineteen campuses in Virginia, North Carolina, South Carolina and Florida, and also provides courses on-line. Student enrollment is approximately 10,000. In 2012, ECPI University was the subject of a U.S. Senate report on Health, Education, Labor and Pensions, investigating misuse of Federal funds by for-profit education companies. That report concluded that student withdrawal rates were troubling, in the 40% to 50% range. [1]

7. Defendant markets its educational programs and services throughout the country by regularly using the telephone to contact prospective customers and prospective students about its programs. It does so by making calls to cellphones using an automatic telephone dialing system ("ATDS") and by sending text messages advertising those courses and services. In doing so, it contacted Plaintiff and the class members on their cell phones as set forth herein, both by making calls and by sending text messages.

---

[1] See https://www.help.senate.gov/imo/media/for_profit_report/PartII/ECPI.pdf, pages 420-434.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.  In 1991, Congress enacted the TCPA,[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

10. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was

---

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

## FACTUAL ALLEGATIONS

12.     At all times relevant herein, Plaintiff was an individual residing in the State of California, and within this judicial district.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.     On information and belief, the decisions complained of herein, relating to the use of an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to call consumers' cellular telephones without their prior express consent, and the procedures used in obtaining the cellular phone numbers to be called, and to do so without "scrubbing" them or otherwise determining the call recipients' prior express consent, originated from ECPI and were implemented by ECPI and their agents,  all of whom  made the calls to cellular phones complained of herein on behalf of ECPI.  Any and all decisions about the calling procedures originated with or were approved by ECPI.

14.     On or about March 21, 2017, Plaintiff received a voicemail message on his cellphone, with his phone number ending in 2779, from Defendant ECPI calling to market its educational programs.  The call was from (757) 272-1435 and made with an ATDS.  In that message, someone named "Kathy" asked Plaintiff to call her back at (757) 516-0069 to discuss ECPI's Culinary Institute program.  There was a hesitation of a few seconds between the time the voicemail answered the call and the message began, which is consistent with the practice of using a predictive dialer.  The FCC has determined that a predictive dialer is an ATDS.  In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("2003 Order"), 18 FCC Rcd. 14,014, 14,1091, 14,092 ¶¶ 131, 132 (2003). Prior to that call, Plaintiff never had any contact with ECPI or any

---

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

Parris v. ECPI Colleges, Inc. Complaint        - 4 -

of its agents or affiliates, never gave them his cellphone number, and never gave them prior express consent to be called on his cellphone number.

15.  Beginning approximately April 7, 2017, Plaintiff received numerous text messages from ECPI, SMS 254-00, the purpose of which was to market ECPI's programs.  Among others, those messages included the following:

a. April 7, 2017:  "Thinking about a career in Culinary Arts? Check out Culinary Institute of VA's Career Discovery Day – Sat. 4/22. Rply Yes for info. [Text QUIT to quit.]"

b. April 14, 2017:  "Is food your passion? It's Culinary Institute of Virginia's Career Discovery Day, Sat. 4/22.  What are U waiting for?  Rply YES 4 info [Text QUIT to quit.]"

c. April 19, 2017:  "Are you coming to Culinary Institute of Virginia's Career Disco very Day this Sat. from 10til 3?  Text back RSVP if you are coming. [Text QUIT to quit.]"

d. April 25, 2017:  "Is your passion your profession? If not, come by Culinary Institute of Virginia tomorrow at 10:00 am. or 5:30 pm! Rply Yes to rsvp [Text QUIT to quit]"

e. July 6, 2017:  "Rising Senior Summer Camp @ Culinary Institute of VA starts tomorrow & is every Friday in July.  Text YES if interested. [Text QUIT to quit]"

f. July 28, 2017: "Save the Date: CIV's Career Discovery Day is coming, Sat. Aug. 12th, 10a-3p.  Text CDD to RSVP now [Text QUIT to quit]"

g. August 3, 2017:  "It's time to love what you do.  Come to CIV's Career Discovery Day, Sat., Aug. 12th, 10a-3p.  Text CDD to RSVP [Text QUIT to quit]"

h. August 11, 2017: "Don't forget! Culinary Institute of VA's Career Discovery Day is tomorrow, 10a α€ (sic) 3p. Text CDD to RSVP. [Text QUIT to quit]"

i. August 15, 2017: "Missed Career Discovery Day? Visit Culinary Institute of VA tomorrow, Wed. Aug. 16th at 10a or 5p. Text YES to RSVP [Text QUIT to quit]"

j. September 4, 2017: "Culinary Institute of Virginia is open today, 9a-2p!  It's time to start doing what you love!  Text "Yes" to book your campus tour. [Text QUIT to quit]"

k. September 19, 2017: "Join Culinary Institute of VA Online Info Session for 2018 Grads tonight @7PM from computer/smartphone/table! Text YES for link. [Text QUIT to quit]"

16. Defendant is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

17.  All telephone contact by Defendant to Plaintiff on his cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. §  227(b)(1)(A).

18.  Plaintiff did not provide "express consent" allowing Defendant to place telephone calls or text messages to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

19.  Defendant's telephone calls and text messages to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

20.  Defendant's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing

system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).21.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.[7]

21.    Plaintiff and all members of the Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights. Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete injuries, which are real, actually exist, and are personal to the Plaintiff and to the class members, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendant's calls were incoming, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, are traceable to Defendant's conduct, and/or directly related to, Defendant's placement of calls to Plaintiff and putative Class Members by using an ATDS to call their cellular telephone numbers.

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Parris v. ECPI Colleges, Inc. Complaint        - 7 -

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

23. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call or a text message from East Coast Polytechnic Institute, aka ECPI University, or their agents, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice within four years to the filing of this Complaint.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are the Defendant, and any entities in which they have a controlling interest, their agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

24. Plaintiff does not know the exact number of members in the Class, but based upon the size of the company and its stated business practices in making telephone calls and sending of text messages, Plaintiff reasonably believes that Class members number at minimum in the tens or hundreds of thousands.

25. This Class Action Complaint seeks injunctive relief and money damages.

26. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant, and its agents.

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether Defendant sent text messages to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

    d. Whether Defendant's conduct was knowing and/or willful;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. As a person who received one or more telephone calls to his cellphone using an automatic telephone dialing system, without his prior express consent within the meaning of the TCPA and Rules, and as a person receiving text messages to his cellphone, also without his consent, Plaintiff asserts claims that

are typical of each Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

30. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

31. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

35.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

36.     Plaintiff incorporates by reference the paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

37.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

38.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA and UCL by Defendant in the future;

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: July 2, 2018            By: */s/ Douglas J. Campion*
                               Douglas J. Campion

                               LAW OFFICES OF DOUGLAS J. CAMPION, APC
                               17150 Via Del Campo, Suite 100
                               San Diego, CA 92127

1
2
3   LAW OFFICES OF MICHAEL P. SOUSA, APC
    By: */s/ Michael P. Sousa*
    Michael P. Sousa
4   3232 Governor Dr., Suite A
    San Diego, CA 92122
5
    *Attorneys for Plaintiff and the Proposed Class*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin C Parris, on behalf of himself and all others similarly situated

### DEFENDANTS
East Coast Polytechnic Institute, aka ECPI University

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Douglas J. Campion, APC
17150 Via Del Campo, Suite 100
San Diego, CA 92127     (619) 299-2091

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 et seq.
Brief description of cause:
Telephone Consumer Protection Act ("TCPA") violations

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE: 07/02/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Douglas J. Campion

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print | Save As... | Reset

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.